**LAYNE–NEW YORK COMPANY, Inc.**

v.

**ALLIED ASPHALT COMPANY, Inc. and Commonwealth of Pennsylvania.**

**LAYNE–NEW YORK COMPANY, Inc.**

v.

**B. H. MOTT & SONS, INC. and Commonwealth of Pennsylvania.**

Civ. Nos. 70-972, 70-973.

United States District Court, W. D. Pennsylvania.

Dec. 7, 1971.

Webb, Burden, Robinson & Webb, Pittsburgh, Pa., for plaintiff.

Frank E. Coho, Raymond G. Hasley, Walter Blenko, Jr., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER ALLOWING INTERVENTION

KNOX, District Judge.

We assigned for argument at the pretrial conference fixed in this case for December 2, 1971, a Motion by the Commonwealth of Pennsylvania to Intervene as a party-defendant. In view of our decision herein to allow intervention, we will vacate the order fixing pretrial conference and postpone the same to a date to be fixed later.

The actions are suits by the holder of a patent against two contractors who are alleged to have used the patent under contracts with the Commonwealth.

The defendants as usual allege invalidity of the patents and deny infringement and counterclaim for damages for violation of the anti-trust laws.

The patent in question involves a process for sealing off abandoned mines. The Commonwealth is greatly interested in this program in view of the drainage of acid mine wastes from such mines into streams. The Commonwealth claims that the process in question was developed by its engineers and is used in specifications for bidding by contractors. It claims that if the validity of these patents is sustained the bidding processes in this area will be seriously chilled.

These actions were brought against the two defendant contractors on August 14, 1970. The preparation of the cases for trial had progressed as stated to the point where a pretrial conference had been scheduled when on November 8, 1971, this Motion for Intervention was filed. It appears the Commonwealth also desires to file a counterclaim to declare plaintiff's patent invalid.

It appears to the court that the Commonwealth has a right to intervene under Rule 24(a) since it claims an interest relating to the property or transaction which is the subject of the action and disposition of these actions may impair or impede its ability to protect that interest. It further appears that permissive intervention ought to be allowed under Rule 24(b) since the Commonwealth's claim or defense and the main action have questions of law and fact in common and also there is reliance upon requirements of the State government.

Both Rules 24(a) and 24(b) provide that intervention may be allowed upon "timely application". Rule 24(b) is slightly different in stating: "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Under ordinary circumstances, we would not permit intervention at this time since the case is practically ready to go to trial. Under 24(b), however, we do not believe that there will be any undue delay or prejudice to the adjudication of the rights of the original parties. Because of pendency of other matters which take precedence, it is probable that this case will not be tried until the late Spring of 1972 at the earliest. It appears that the matter is entirely within the discretion of the court, considering all the circumstances. Of paramount importance in this case, we consider the public interests of the people of Pennsylvania in this matter. Pennsylvania suffers peculiar damage by reason of a large number of abandoned coal mines whose run offs cause a great amount of pollution in the streams of the Commonwealth. We well understand the Commonwealth's apprehension as to the effect of a decision upholding the validity of this patent upon bidding processes for future contracts in this area. We believe also that to a certain extent the delay of the Commonwealth in filing this petition to intervene may have been caused by a recent change over of administration in this State whereby the Department of Justice was for some months partially paralyzed by the goings and comings of attorney personnel. We also consider the fact of economy in the judicial process. If this intervention were denied, the Commonwealth might well institute a separate suit against this plaintiff or successive contractors would be met by similar litigation. It is in the highest public interest to solve this situation once and for all, in these, so far as we can ascertain, the first suits which have raised these questions. We will therefore allow the intervention. We will make separate orders limiting the time for further discovery by the Commonwealth so as to prohibit undue delay and vacating the order fixing time for pretrial conference.